UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                   CASE NO. 13-20568

v.                               HON. GERALD E. ROSEN

D-3  TABITHA MEECE
D-5  CHRISTINE BUENAVENTURA,

       Defendants.
_____/

## STIPULATION FOR A FINDING OF EXCLUDABLE DELAY

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause for a finding of excludable delay from August 6, 2013, to May 7, 2014 at 3:00PM.

**IT IS FURTHER STIPULATED** that the time period from August 6, 2013, through and including May 7, 2014, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1), that the parties are actively engaged in plea negotiations, 3161(h)(6), that the defendants are joined for trial with codefendant's as to whom the time for trial has not run and no motion for severance has been granted, and, 3161(h)(7)(A), that the ends of justice served by this delay outweigh the best interests of the public and Defendants in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On August 6, 2013, a First Superseding Information was filed that charged the defendants with production of obscene matters for sale or distribution in violation of Title 18, United States Code, Section 1465;

2. During the pendency of the investigation, the defendants separately participated in a proffer and agreed to cooperate with the government in the prosecution of Defendant One, Donald Croft;

3. On February 20, 2014, Donald Croft pleaded guilty; and

4. In an attempt to finalize the resolution of their cases, the government has provided Defendant Buenaventura with a Rule 11 Plea Agreement and intends to provide a Rule 11 Plea Agreement to Defendant Meece within the next seven days.

Overall, a continuance is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by the delay outweigh the best interests of the public and Defendant in a speedy trial.

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1), 3161(h)(6), and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the trial must commence.

**IT IS SO STIPULATED.**

s/*Matthew A. Roth*  
Matthew A. Roth  
Assistant United States Attorney  
211 W. Fort Street, Suite 2001  
Detroit, Michigan  48226  
Phone: 313-226-9186  
E-Mail: Matthew.Roth2@usdoj.gov

s/*S. Allen Early, III* (with consent)  
S. Allen Early, III  
Attorney for Defendant  
65 Cadillac Square, Suite 2810  
Detroit, Michigan  
Phone:  313-962-2320  
E-Mail:  None

s/*Lisa L. Dwyer* (with consent)  
Lisa L. Dwyer  
Attorney for Defendant  
710 N. Crooks Road  
Clawson, Michigan  48017  
Phone:  248-435-8539  
E-Mail:  dwyerl247@aol.com

Dated:  March 20, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         CASE NO. 13-20568

v.                                        HON. GERALD E. ROSEN

D-3 TABITHA MEECE
D-5 CHRISTINE BUENAVENTURA,

        Defendant.
_____/

## ORDER FINDING EXCLUDABLE DELAY

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the Court finds that the time period from August 6, 2013, through and including May 7, 2014, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1), that the parties are actively engaged in plea negotiations, 3161(h)(6), that the defendants are joined for trial with codefendant's as to whom the time for trial has not run and no motion for severance has been granted, and, 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On August 6, 2013, a First Superseding Information was filed that charged the defendants with production of obscene matters for sale or distribution in violation of Title 18, United States Code, Section 1465;

2. During the pendency of the investigation, the defendants separately participated in a proffer and agreed to cooperate with the government in the prosecution of Defendant One, Donald Croft;

3. On February 20, 2014, Donald Croft pleaded guilty; and

4. In an attempt to finalize the resolution of their cases, the government has provided Defendant Buenaventura with a Rule 11 Plea Agreement and intends to provide a Rule 11 Plea Agreement to Defendant Meece within the next seven days.

Overall, a finding of excludable delay is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by delay outweigh the best interests of the public and Defendant in a speedy trial.

This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1), 3161(h)(6), and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the trial must commence.

**IT IS SO ORDERED.**


s/Gerald E. Rosen
GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE


Date Entered:  March 21, 2014