ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-20568 |
| Plaintiff, | HON. GERALD E. ROSEN |
| -vs- | **OFFENSE:** 6<br>COUNT ~~5~~: AIDING AND ABETTING THE |
| D-5 CHRISTINE<br>BUENAVENTURA, | PRODUCTION OF OBSCENE MATTERS FOR<br>SALE OR DISTRIBUTION, 18 U.S.C. § 1465 |
| Defendant | **MAXIMUM PENALTY:**<br>COUNT ~~5~~ 6: UP TO 5 YEARS'<br>INCARCERATION |
| FILED<br>JUN 1 3 2014<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT<br>EASTERN MICHIGAN | **MAXIMUM FINE:**<br>COUNT 6: UP TO $250,000<br><br>**SUPERVISED RELEASE:**<br>COUNT 6: UP TO 3 YEARS |

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant CHRISTINE BUENAVENTURA and the Government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   Defendant will enter a plea of guilty to **Count ~~Five~~ Six** of the First Superseding Information, which charges aiding and abetting the production of obscene matters for sale or distribution in violation of Title 18, United States Code, Section 1465.

B.  **Elements of Offense**

The elements of Count One are as follows:

1.  The crime of production with intent to transport obscene matters for sale or distribution was committed. Specifically, that a co-defendant, Defendant 1:

   a.  Knowingly produced with intent to transport/transported in interstate commerce certain articles, as charged; and

   b.  Produced/transported such articles for the purpose of selling or distributing them; and

   c.  Knew, at the time of such production/transportation, the general nature of the content of the articles; and

   d.  That the articles were obscene.

2.  The Defendant helped to commit the crime; and

3.  The Defendant intended to help commit the crime.

C.  **Factual Basis for Guilty Plea**

*The following facts are a sufficient and accurate basis for defendant's guilty plea:* On or about January 6, 2012, Defendant brought her daughter, MV-4, who was thirteen days shy of her fourth birthday, to the home of Donald Croft located within the Eastern District of Michigan. Donald Croft was a photographer who

wanted to photograph MV-4. Croft had agreed to pay Defendant half of his proceeds from the sale of his photographs of MV-4. Defendant knew that Croft intended to sell the photographs through the Internet, a means and facility of interstate and foreign commerce.

Upon arrival at Croft's home, Croft provided Defendant with an outfit for MV-4 to wear during her photo session. Defendant did not approve of several of the outfits Croft picked out for her daughter to wear because she felt they were inappropriate. The outfit MV-4 ultimately wore consisted of a top, no pants, and black boots that went up to MV-4's knees. The top only went as far as MV-4's waist, stopping above her genital area. While getting her dressed, Defendant took MV-4's regular "Dora" underwear off and put MV-4 in a black see-through thong. Defendant was present in the Defendant's home when the pictures were taken.

Croft took photographs of MV-4 with her legs spread open, exposing her vaginal area, wearing the see-through thong. In one photograph, MV-4's right hand is touching the top of her genital area with her vagina as the focus of the image. The see-through thong is the only item of clothing covering MV-4's vaginal area. In several other photographs, MV-4 is posed with her legs open wherein the focus of the photograph is MV-4's vaginal area. The pictures Croft took were lewd, lascivious, and, in light of MV-4's age, obscene.

At the time Defendant brought MV-4 to Croft's home and got MV-4 dressed, she did not know that Croft intended to create the aforementioned obscene pictures. Defendant's suspicions, however, were aroused, based on the initial outfits Croft wanted MV-4 to wear, the outfit MV-4 ultimately wore, the see-through thong underwear Croft requested MV-4 to change into, Croft's various instructions on how MV-1 should pose, and her personal observations of her daughter's photo session. Nevertheless, despite her suspicions, Defendant deliberately failed to make any further inquiry. Defendant knew, or should have known, there was a high probability that Croft would create obscene pictures of her daughter. Defendant deliberately ignored the obvious which led to the creation of obscene pictures of her daughter, MV-4.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   The parties disagree on the applicability of the following guideline(s):

   USSG §2G3.1(b)(1) – Distribution for pecuniary gain; and

   USSG §2G3.1(b)(3) – Use of a computer or an interactive computer service .

The government recommends that the Court determine that Defendant's guideline range is **15-21 months**, as set forth on the attached worksheets. Defendant recommends that the Court determine that her guideline range is **0 to 6 months.** The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that she will have no right to withdraw her guilty plea if the Court does not follow her recommendation.

If the Court finds (1) that defendant's criminal history category is higher than reflected on the attached worksheets; (2) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; or (3) otherwise demonstrated a lack of acceptance of responsibility for her offense or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than what is recommended by the parties, the higher guideline range becomes the agreed range.

If the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections (1), (2) or (3) above.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

   A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

   B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **three years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to fines.

### E. Restitution

Restitution is not applicable to this case.

## 4. USE OF WITHDRAWN GUILTY PLEA

If the Court allows defendant to withdraw her guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

## 5. OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

6. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7. **WAIVER OF APPEAL**

Defendant waives any right she may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right she may have to appeal her sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

                                        BARBARA L. MCQUADE
                                        United States Attorney

_____            _____
KEVIN M. MULCAHY                    MATTHEW ROTH
CHIEF, GENERAL CRIMES UNIT      ASSISTANT UNITED STATES ATTORNEY
ASSISTANT UNITED STATES ATTORNEY

DATE: JUNE 10, 2014

---

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. SHE ALSO ACKNOWLEDGES THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.

_____            _____
LISA DWYER                                  CHRISTINE BUENAVENTURA
ATTORNEY FOR DEFENDANT          DEFENDANT

DATE: 6-13-14

# WORKSHEET A (Offense Levels)

Defendant: Christine Buenaventura  Count(s): 5: Production of Obscene Matters for Distribution

Docket No: 13-20568  Statute(s): 18 U.S.C. § 1465

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G3.1(a) | Base Offense Level | 10 |
| §2G3.1(b)(1) | Distribution for pecuniary gain | +5 |
| §2G3.1(b)(3) | Use of a computer | +2 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**17**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

☐ *If this is the only Worksheet A, check this box and skip Worksheet B.*

☒ *If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**    `17`

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**    `-3`

3. **TOTAL OFFENSE LEVEL**    `14`

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**    `I`

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**    `15-21 months`

   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

   a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

   [x] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

   [ ] 2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

   [x] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

    The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐    1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒    2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐    4. The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

    The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

☒    1. The court will determine whether restitution should be ordered and in what amount.

☐    2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

☐    3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐    4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐    5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $4,000 | $40,000 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ __$100.00__ .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute. _____
   _____

9. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____
   _____
   _____

   (rev. 06/99)